## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

JOSE COSME, PRO SE
Plaintiff

v.

COMMISSIONER, BOSTON
POLICE DEPT., KEVIN FORD,
POLICEMAN BOSTON POLICE
DEPARTMENT, MAYOR, CITY
OF BOSTON AND OTHERS
Defendants

# 04 - 10850 RCL

**MAGISTRATE JUDGE** _____

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

## NOTICE OF REMOVAL

The Defendants-Petitioners, petition pursuant to 28 U.S.C. §1441 for removal from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts the action entitled <u>Jose Cosme, Pro Se v. Commissioner, et al</u> pending in Suffolk County as Civil Action No. 04-00722D. In support of their petition, Defendants-Petitioners state:

1. This action involves allegations that the Defendants deprived the Plaintiff of his rights and is brought pursuant to 42 U.S.C. §1983;

2. This action is subject to removal by the Defendants-Petitioners by virtue of the provisions of 28 U.S.C. §1441;

3. This petition for removal is filed within thirty days of receipt of the service of the Complaint, a copy of which is attached hereto; and

4. A fair reading of the facts and theories as a whole make it apparent that federal constitutional law and issues are an essential part of the case and therefore, Defendant has the statutory right to remove this action.

**Wherefore**, the Defendants petition that this action be removed to the United States District Court for the District of Massachusetts.

1

Respectfully submitted,
DEFENDANTS,

Merita A. Hopkins
Corporation Counsel

By their attorney,

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true
copy of the above documents were
delivered via first class mail to Jose
Cosme, A25886, Old Colony Correctional
Center, Old Administration Road,
Bridgewater, MA 02324

4/28/04
_____
Date        Karen A. Glasgow

Karen A. Glasgow, BBO#  648688
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-3238

## VERIFICATION

I, Karen A. Glasgow, hereby swear under pains of penalty and perjury that the statements of fact in the petition are true and correct to the best of my knowledge, information and belief.

Respectfully submitted,
DEFENDANTS,

Merita A. Hopkins
Corporation Counsel

By their attorney:

## CERTIFICATE OF SERVICE

Karen A. Glasgow
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-3238
BBO# 648688

I hereby certify that on this day a true copy of the above documents were delivered via first class mail to Jose Cosme, A25886, Old Colony Correctional Center, Old Administration Road, Bridgewater, MA 02324

4-28-04
Date

Karen A. Glasgow

EXHIBIT

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
OF THE CIVIL TRIAL COURT,
NO. 8OCV2004 -00722 -D

```
* * * * * * * * * * * * * * * * *
JOSE COSME, PRO SE,                *
         PLAINTIFF,                *
                                   *
VS.                                *
                                   *
COMMISSIONER, BOSTON POLICE        *
DEPARTMENT, KEVIN FORD, POLICEMAN  *
BOSTON POLICE DEPARTMENT, MAYOR,   *
CITY OF BOSTON AND OTHERS,         *
         DEFENDANTS.               *
* * * * * * * * * * * * * * * * *
```

## VERIFIED CIVIL RIGHTS COMPLAINTI WITH A JURY DEMAND

I.            PRELIMINARY/JURISDICTIONAL STATEMENT

1.    This is a civil rights action filed by the plaintiff,
Jose Cosme, a pro se pretrial detainee in the custody of the
Nashua Street County Jail, in the County of Suffolk, Boston,
Massachusetts, seeking declaratory judgment, injunctive relief
and monetary damages, pursuant to G.L.c. 258, §4; G.L.c. 231A,
1 et seq; G.L.c. 12, §§ 11H & 11I; Rule 65 of the Mass.R.Civ.P.
and 42 U.S.C.A. §§ 1983 et seq, against the above-named defendants,
as the plaintiff is alleging that excessive force, by means of a
firearm ( handgun), was unnecessarily and unreasonable used to
effect his arrest, which has caused him to suffer severe,
permanent and irreparable harm and injury to his lefthand that
has left him permanently handicapped with a disability, in
violation of his rights secured under the Eighth and Fourteenth
Amendments to the United States Constitution and Articles Twelve
and Twenty-Six of the Massachusetts Declaration of Rights.

II.                          PARTIES

pg.2

2.    The plaintiff, Jose Cosme, is a pretrial detainee in
the custody of the Nashua Street County Jail, in the County of
Suffolk, Boston, Massachusetts, who is currently being held
within the jurisdiction of the Massachusetts Department of
Correction (DOC), at the Old Colony Correctional Center, located
at One Administration rd., Bridgewater, Mass. 02324.

3.    The Defendant, Commissioner of the Boston Police
Department, is a public employee who is in charge of and
responsible for the training of all police officers in the
employment of the city of Boston, Massachusetts, pursuant to
G.L.c. 40, § 97A, whose normal place of business is located at
the Boston Police Department Headquarters, One Schroeder Plaza,
Boston, Mass. 02120-2010.

4.    The defendant, Kevin Ford, is a policeman in the
employment of the Boston Police Department, who is assigned to
Boston Police Entry Apprehension Team/Youth Violence Strike
Force, he is a public employee, pursuant to G.L.c. 41, §§ 96-96A,
whose normal place of business is located at Boston Police
Department Headquarters, One Schroeder Plaza, Boston, Mass. 02120-
2010.

5.    The defendant, Mayor of the City of Boston, is the
City's chief executive operating officer, pursuant to G.L.C. 39,
§§ 1 et seq, and he is ultimately responsible for the appointment
of the the commisioner of the Boston Police Department as well as
those individuals hired as policemen and women by the Boston
Police Department (BPD), whose normal place of business is
located at Government Plaza, One City Hall Plaza, Boston, Mass.

pg.3

6.    The defendants (hereinafter, will at times be refered
to collectively and individually as the defendants), at all
times relevant to the hereinafter alleged events, were acting
under the "Color of Law," and are being sued in both their
personal/individual and official capacities.

III.                    STATEMENT OF THE FACTS

7.    On or about February 26, 2001, the plaintiff returned
to the city of Boston from the state of Georgia, city of Atlanta,
and proceeded to the apartment of his      friend at 333
Massachusetts Avenue.

8.  On or about February 27, 2001, at approximately 5:00 a.m.,
the Boston Police Entry Apprehension Team, the Youth Violence
Strike Force and the United States Marshals, gained entry to the
plaintiff's    friends apartment by kicking-in the front door
of the apartment to allegedly arrest the plaintiff on an outstan-
ding default warrant.

9.    The plaintiff hearing that the front door being kick-in,
immediately ran to the bedroom door to close it as his girlfriend
remained in the bed.

10. At this time Boston Police Officer Kevin Ford, together
with other law enforcement officers were on the otherside of
the door attempting to push the door open to gain entrance to
the bedroom.

11. While the plaintiff tried to close the door using his
hand to push against it, the door remained open at six to ten
inches as officers were trying to push it open from the otherside,
and it was at this time that the defendant Kevin Ford stuck his
handgun through the six inch opening and jammed the barrel of

pg.4

the gun against the plaintiff's chest trying to force him away
from the door in order that the officers could gain entrance to
the room.

12. The plaintiff moved his chest backwards and away from
the barrel of the gun while at the same time maintaining both
against the door, thereby preventing the officers from gaining
access to the room.

13. Officer Ford tried to use the handgun to push the
plaintiff's hands away from the back of the door and the plaintiff
was able to push officer Ford's arm with the gun in hand back
through the door and again, tried to close the door and at no
time did the plaintiff touch officer Ford's handgun or attempt
to remove the handgun from the possession of the officer.

14. It was at this time the defendant Ford fired a single
round from his weapon which struck the plaintiff in his lefthand
and once officer Ford's weapon fired into the bedroom, the other
officers with him began to stick their weapons into the door
opening, including what appeared to be a small automatic rifle.

15. Once the officers started sticking their weapons through
the door, the plaintiff's girlfriend became alarmed and started
screaming, and the officers hearing her screams pulled their
weapons back through the door and the plaintiff was able to close
the door completely.

16. A few minutes later, because the plaintiff could no
longer keep the door closed because of the severe injuries to
his hand, the officers, including the defendant Ford, were then
able to force their way into the bedroom, arrest the palintiff,
used plastic ties to secure his hands, which were tied over

pg.5

his severely injured hand, and then afterwards the plaintiff
was transported to the Boston Medical Center to see a doctor.

17. The defendant Ford by discharging his firearm into
the plaintiff's lefthand, without provocation or justification,
has caused the plaintiff to suffer permanent nerve damages,
shattered bones, mental pain and anguish, a permanent physical
disability of his lefthand and he has incurred considerable
legal expenses as a result of the incident.

18. The defendant Ford maliciously and sadistically used
wanton, excessive, unreasonable and unnecessary force upon the
plaintiff to gain entrance to the bedroom to effect his arrest,
in violation of his secured substantive rights under the Federal
and State Constitutions and applicable general and regulatory
laws, regarding use of force to effect an arrest of a citizen.

19. The plaintiff further allege that he is being denied
adequate medical care from the date of his initial arrest to
date, as the Department of Corrections (DOC) has failed to provide
him with adequate medical treatment and therapy for his severely
injured hand that has rendered him with a permanent physical
handicap.

20. If the plaintiff proves these allegations at a trial on
the merits of the complaint, he would have a claim to common law
negligence, violation of the American with Disability Act, deceit,
misrepresentation, defamation, emotional distress and civil rights
violations, under § 1983 and possibly G.L.c. 265, §§ 37 & 39.

21. On or about February 26, 2002, pursuant to the present-
ment requirements under G.L.c. 258, § 4 (State Tort Claims Act),
the plaintiff sent by certified mail, his demand letter to the

pg.6

then Police Commissioner of the Boston Police Department, via,

counsel Earl Howard, 875 Massachusetts Avenue, Cambridge, Mass.

02139, and the applicable statute of limitations relative to

filing of claims has not expired (February 27, 2004)(see hereto-

attached presentment/demand letter, dated February 15, 2001).

IV. .                        CLAIMS OF RELIEF

    22. The actions of the defendants, as described in ¶s 6

thru 21 of this complaint, violated the plaintiff's rights to

the substantive due process and equal protection under law,

pursuant to Articles Twelve and Twenty-Six of the Massachusetts

Constitution/Declaration of Rights, and G.L.c. 12, §§ 11H & 11I,

against the use of malicious, sadistic, wanton, unreasonable

and unnecessary force to effect the arrest of the plaintiff.

    23. The actions of the Defendants, as described in ¶s 6 thru 21 of

this complaint, violated the plaintiff's rights to the substan-

tive due process and equal protection under law, pursuant to

the Eighth and Fourteenth Amendments to the United States

Constitution and 42 U.S.C.A. §§ 1983 et seq, against the use of

malicious, sadistic, wanton, unreasonable and unnecessary force

to effect the arrest of the plaintiff.

    24. The actions of the defendants, as described in ¶s 6

thru 21 of this complaint, violated the plaintiff's rights to

the substantive due process and equal protections under law,

pursuant to G.L.c. 265, §§ 37 & 39, relative to the appropriate

use of force to effect the plaintiff's arrest.

V.                         PRAYERS OF RELIEF

    25. Issue a declaration that the actions of the defendants,

pg. 7

as described in ¶s 6 thru 21 of this complaint, violated the plaintiff's rights, immunities and privileges to the substantive due process and equal protection under law, as well as violative of the proscriptions against the cruel and unusual punishments of a arrestee/prisoner, in violation of Article Twelve and Twenty-Six of the Massachusetts Constitution/Declaration of Rights, and G.L.c. 12, §§ 11H & 11I.

26. Issue a declaration that the actions of the defendants, as described in ¶s 6 thru 21 of this complaint, violated the plaintiff's rights, immunities and privileges to the substantive due process and equal protection under law, as well as violative of the proscriptions against the cruel and unusual punishment of arrestee/prisoner, in violation of the Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C.A. §§ 1983 et seq, who were acting under color of law.

27. Issue a permanent injunction aagainst the defnedants, their employees, agents, predecessers in office, as well as those who may be acting in concert with them, from engaging in the unlawful acts, omissions and policy practices as described in ¶s 6 thru 21 of this complaint, relative to the cruel and unusual punishment, and malicious and sadistic excessive use of force against the plaintiff as a arrestee/prisoner, and any future retaliation and punitive actions against him for his bringing this action.

28. Award the plaintiff compensatory, actual and/or general damages against each defendants in the amount of $100,000.00 (One-Hundred Thousand Dollars).

29. Award the plaintiff punitive damages against each of

the defendants in the maximum amount allowed by law.

30. Grant the plaintiff such further relief as this Court may deem just, equitable and in the interest of justice, as he may be entitled to as a matter of law.

31. The plaintiff further demand a trial by jury as he is entitled to under law, pursuant to Article Eleven of the Massachusetts Constitution/Declaration of Rights.

Respectfully submitted by

Jose Cosme

Dated: 2/10/04

Jose Cosme A25886, pro se
OCCC/One Administration rd.
Bridgewater, Mass. 02324

## VERIFICATION DECLARATION

I, Jose Cosme A25886, hereby verify on oath according to law, that the following is truthful and accurate to the best of my personalknowledge and observations of all facts, averments and exhibits herein submitted as evidence, and I aver that I am competent to testify to the same in open court if called upon to do so, and I have not made or offered this complaint in bad faith or with malice, and I have signed this verification declaration under penalties of perjury, per Rule 2:06 of the Massachusetts Supreme Judicial Court, on this _10_ day of February, 2004.

/s/ Jose Cosme

alleges that he was denied adequate medical care from the initial arrest to the present. The Department of Corrections has failed to provide adequate medical treatment and therapy for his injury that has rendered him handicapped. If Mr. Cosme can prove these allegations it would seem that he has claims for common law negligence, violation of the Americans with Disability Act, deceit, misrepresentation, defamation, emotional distress and civil rights violations under §1983 and possibly G.L. c. 265, §37 & §39. Mr. Cosme makes a formal demand for $100,000.00. Please respond to this demand at your earliest convenience. This claim and notice is made pursuant to G.L. c. 258, §4 without waiving any rights or remedies under the United States federal laws. Please respond to this claim so that Mr. Cosme may exercise his options.

Very truly yours,

Earl Howard

cc:    Jose Cosme
CERTIFIED MAIL RETURN RECEIPT REQUESTED
71802596288000000644

2

# Law Offices of Earl Howard, P.C.

875 Massachusetts Avenue, Suite 34
Cambridge, MA 02139
(617) 661-0894
Fax (800) 282-4790

P.O. Box 190555
Roxbury, MA 02119
(617) 566-3779
Fax (617) 547-4292
(Nights & Weekends)

February 15, 2002

Paul Evans, Police Commissioner
Boston Police Department
1 Schroeder Plaza
Boston, MA 02120-2010

RE:    *Jose Cosme v. Commonwealth of Massachusetts, City of Boston, Boston Police Department, et al*

Dear Commissioner Evans:

Please be advised that this office is filing notice of intent to sue on behalf of Jose Cosme relative to claims pursuant to G.L. c. 258. Mr. Cosme's claims involve but are not limited to the following: Commonwealth of Massachusetts, City of Boston, State Police Department, Boston Police Department, Department of Corrections, Suffolk County Sheriff's Department, Superintendent of M.C.I. Concord, various members of the State Police and City of Boston Police Department. Mr. Cosme alleges and can prove that on February 27, 2001 he was shot by a Boston police officer without provocation or justification. As a result he has suffered extensive nerve damage, shattered bones, mental anguish, pain & suffering, permanent physical disability and incurred considerable legal expenses as a result of this incident. The excessive force was in violation of Mr. Cosme's constitutional rights under the federal constitution and the Massachusetts Constitution. Mr. Cosme also