UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   04-10850 RCL

JOSE COSME, PRO SE
    Plaintiff

v.

COMMISSIONER, BOSTON POLICE DEPT., KEVIN FORD, POLICEMAN BOSTON POLICE DEPARTMENT, MAYOR, CITY OF BOSTON AND OTHERS
    Defendants

## DEFENDANTS' MOTION TO STAY THE PROCEEDINGS

Defendants move for a stay of the proceedings in the above captioned case for the following reasons:

1. On February 27, 2001 Plaintiff Jose Cosme ("Cosme") was arrested pursuant to a warrant issued by Dorchester District Court.

2. Cosme alleges that he sustained injuries during this arrest.

3. Plaintiff has filed a civil rights suit against the Commissioner of Boston Police Department, Kevin Ford, a Boston Police Officer, and the Mayor of the City of Boston. Plaintiff claims that excessive force by means of a handgun was used to effect his arrest, causing him to suffer harm. Plaintiff claims, pursuant to 42 U.S.C. §1983 that his Eighth and Fourteenth Amendment rights were violated. Cosme further claims violations of Article Twelve and Twenty Six of the Massachusetts Declaration of Rights. Additionally, Plaintiff alleges a negligence claim.

4. Plaintiff is currently incarcerated at Old Colony Correctional Center in Bridgewater, awaiting trial on the matter he was arrested for. Plaintiff's criminal matter is currently on the docket at Suffolk Superior Court, CR2001-10588.

5. Plaintiff's civil claims arise out of the underlying criminal proceeding. One of the criminal charges against Cosme is an assault and battery on a police officer.

6. The rule in the First Circuit is that federal suit for damages under §1983 must be stayed pending completion of a parallel criminal prosecution in state court if the validity of the state criminal charge is a necessary issue in the federal suit. See Guerro v. Mulhearn, 498 F.2d 1249, 1255 (1st Cir. 1974).

7. The purpose of this rule is to avoid undermining state criminal prosecutions and to avoid litigating questions that could be settle by those prosecutions. See Landrigan v. City of Warwick, 628 F.2d 736, 743 (1st Cir. 1980).

8. Plaintiff is claiming that Officer Kevin Ford used excessive force to effectuate his arrest. The claim for excessive force is necessarily intertwined with the assault and battery criminal charge against Plaintiff.

9. In Massachusetts, the jury may be instructed that the claim self-defense may be considered for each count of assault and batter on a police officer only if they determine that the arrest had been effected by the use of excessive force. Where a police officer is attempting to effect an arrest using unreasonable or excessive force that gives rise to the right of self-defense, such an arrest would be considered unlawful and the right to self-defense invoked accordingly. Where a criminal defendant raises the issue of self-defense as a defense to resisting arrest, the prosecution has the burden of proving that it

was not self-defense. See Commonwealth v. McMurtrey, 20 Mass. App. Ct. 629, 631 (1985).

For the forgoing reasons, the Defendants respectfully request this Court stay the proceedings pending the outcome of the underlying criminal matter.

                Respectfully Submitted
                DEFENDANTS, COMMISSIONER, KEVIN FORD AND MAYOR OF CITY OF BOSTON
                Merita A. Hopkins
                Corporation Counsel

                By their attorney:

**CERTIFICATE OF SERVICE**

**I hereby certify that on this day a true Copy of the above document was served Upon the attorney of record for each Party by mail**

**5/10/04**      **/s/ Karen A. Glasgow**
**Date**           **Karen A. Glasgow**

/s/ Karen A. Glasgow
Karen A. Glasgow
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-3238
BBO# 648688