Suffolk Superior civil #04-722D COPY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| |
|---|
| JOSE COSME, PRO SE<br>Plaintiff<br><br>v.<br><br>COMMISSIONER, BOSTON POLICE DEPT., KEVIN FORD, POLICEMAN BOSTON POLICE DEPARTMENT, MAYOR, CITY OF BOSTON AND OTHERS<br>Defendants |

04-10850 RCL

NOTICE OF REMOVAL

The Defendants-Petitioners, petition pursuant to 28 U.S.C. §1441 for removal from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts the action entitled Jose Cosme, Pro Se v. Commissioner, et al pending in Suffolk County as Civil Action No. 04-00722D. In support of their petition, Defendants-Petitioners state:

1. This action involves allegations that the Defendants deprived the Plaintiff of his rights and is brought pursuant to 42 U.S.C. §1983;
2. This action is subject to removal by the Defendants-Petitioners by virtue of the provisions of 28 U.S.C. §1441;
3. This petition for removal is filed within thirty days of receipt of the service of the Complaint, a copy of which is attached hereto; and
4. A fair reading of the facts and theories as a whole make it apparent that federal constitutional law and issues are an essential part of the case and therefore, Defendant has the statutory right to remove this action.

***Wherefore***, the Defendants petition that this action be removed to the United States District Court for the District of Massachusetts.

Respectfully submitted,
DEFENDANTS,

Merita A. Hopkins
Corporation Counsel

By their attorney,

Karen A. Glasgow, BBO# 648688
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-3238

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above documents were delivered via first class mail to Jose Cosme, A25886, Old Colony Correctional Center, Old Administration Road, Bridgewater, MA 02324

4/28/04
Date

Karen A. Glasgow

I HEREBY ATTEST AND CERTIFY ON MAY 3, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.
ASSISTANT CLERK.

**VERIFICATION**

I, Karen A. Glasgow, hereby swear under pains of penalty and perjury that the statements of fact in the petition are true and correct to the best of my knowledge, information and belief.

Respectfully submitted,
DEFENDANTS,

Merita A. Hopkins
Corporation Counsel

By their attorney:

Karen A. Glasgow
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-3238
BBO# 648688

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above documents were delivered via first class mail to Jose Cosme, A25886, Old Colony Correctional Center, Old Administration Road, Bridgewater, MA 02324

4-28-04
Date

Karen A. Glasgow

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## SUCV2004-00722
## Cosme, A25886 v Commissionr Boston Police Department et al

| | | | |
|---|---|---|---|
| **File Date** | 02/19/2004 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 05/03/2004 | **Session** | D - Civil D |
| **Origin** | 1 | **Case Type** | E96 - Prisoner Cases |
| **Lead Case** | | **Track** | F |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 05/19/2004 | **Answer** | 07/18/2004 | **Rule12/19/20** | 07/18/2004 |
| **Rule 15** | 07/18/2004 | **Discovery** | 12/15/2004 | **Rule 56** | 01/14/2005 |
| **Final PTC** | 02/13/2005 | **Disposition** | 04/14/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Jose Cosme, A25886
Old Colony Correctional Center
One Administration Road
Bridgewater, MA 02324
Active (prisoner) 02/23/2004 Notify

**Defendant**
Commissionr Boston Police Department
Service pending 02/23/2004

**Private Counsel 648688**
Karen Glasgow
Boston (City of) Law Dept
1 City Hall Plaza
Room 615
Boston, MA 02201
Phone: 617-635-3238
Fax:
Active 05/03/2004 Notify

**Defendant**
Kevin Ford, Policeman BPD
Service pending 02/23/2004

*** See Attorney Information Above ***

**Defendant**
Mayor City Boston
Service pending 02/23/2004

*** See Attorney Information Above ***

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 02/19/2004 | 1.0 | Affidavit of indigency and Request for Waiver, substitution or state payment of normal fees & costs,allowed subject to review by Judge:(IMPOUNDED) |

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## SUCV2004-00722
## Cosme, A25886 v Commissionr Boston Police Department et al

| Date | Paper | Text |
|---|---|---|
| 02/19/2004 | | Origin 1, Type E96, Track F. |
| 02/19/2004 | 2.0 | Complaint filed with request for trial by jury |
| 02/19/2004 | 3.0 | Civil action cover sheet filed |
| 02/19/2004 | 4.0 | Motion of plff to waive entry fees |
| 02/27/2004 | 5.0 | ORDER TO COMMISSIONER OF CORRECTION TO PROVIDE CERTAIN INFORMATION REGARDING INMATE ACCOUNT RELATIVE TO PLAINTIFF'S MOTION TO WAIVE FILING FEE AND PROCEED IN FORMA PAUPERIS -- The plaintiff in the above-captioned action has filed a motion to waive the filing fee and court costs (normal) and to proceed in forma pauperis. Pursuant to G.L. c261 s29, the correctional facility where the prisoner is currently incarcerated shall file a document showing the current status of the plainitff's canteen account and savings account, if any, and the account activity for the past six (6) months. The document shall be filed within thirty (30) days of the date of this order. The statement is to be mailed to: SUFFOLK SUPERIOR COURT, CIVIL CLERK'S OFFICE, PRISONER DEPARTMENT, RM. 810, 90 DEVONSHIRE STREET, BOSTON, MA. 02109. By the Court, (White, Justice) (dated 02/26/2004) Notice Sent 02/27/2004. |
| 02/27/2004 | 6.0 | ORDER: After a review of your petition and correspondence, the Court has instructed the Clerk's Office to take the following action: Service is to be made upon defendant's by means of certified mail by plaintiff. A copy of the complaint is to be sent to the Office of the Attorney General or the Department of Corrections by the Plaintiff. (White, Justice) Notice Sent 02/27/2004. |
| 04/26/2004 | | MOTION (P#4) DENIED. A substantially reduced filing fee has been assessed. (White, Justice) (entered 04/14/2004) Notice Sent 04/26/2004. |
| 04/26/2004 | 7.0 | NOTICE OF WAIVER OF COURT COSTS AND REQUEST FOR PAYMENT TO BE WITHDRAWN FROM ACCOUNT (PURSUANT TO G.L. c. 261 sec. 29) The prisoner/plaintiff in the above-captioned action has filed a motion to waive the filing fee of $275.00 and court costs (normal) and to proceed in forma pauperis. After reviewing the affidavit of indigency and the statement of inmate account provided by the correctional facility, the court hereby orders: The plaintiff is ordered to pay a lump-sum payment of $15.00 in order to proceed. The court further finds that requiring additional installment payments would create an undue administrative burden for the court. Payment should be mailed to: Suffolk Superior Civil Clerk's Office, 90 Devonshire Street, 8th Floor, Rm. 810, Boston, Ma. 02109. Send check or money order payable to the Suffolk Superior Civil Clerk's Office. Payment must be received by MAY 26, 2004. The prisoner's name and case number MUST be noted on each remittance. (White, Justice) Notice Sent 04/26/2004. |
| 04/28/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Defts. Commissioner , Boston Police Dept., Kevin Ford, Policeman Boston Police Department., Mayor, City Of Boston U. S. Dist.#(04-10850RCL). |

MAS-20030912
guen

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

05/05/2004
02:58 PM

## SUCV2004-00722
## Cosme, A25886 v Commissionr Boston Police Department et al

| Date | Paper | Text |
|---|---|---|
| 05/03/2004 | | Case REMOVED this date to US District Court of Massachusetts |

EVENTS

I HEREBY ATTEST AND CERTIFY ON MAY 5, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY [signature]
ASSISTANT CLERK.

1

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court**

CIVIL DOCKET#: **SUCV2004-00722-D**

RE: Cosme v Commissionr Boston Police Department et al

TO: Jose Cosme
One Administration Road, OCCC
Bridgewater, MA 02324

## NOTICE OF DOCKET ENTRY

You are hereby notified that on **02/19/2004** the following entry was made on the above referenced docket:

**Affidavit of indigency and Request for Waiver, substitution or state payment of normal fees & costs,allowed subject to review by Judge:(IMPOUNDED)**

Dated at Boston, Massachusetts this 25th day of February, 2004.

Michael Joseph Donovan,
Clerk of the Courts

BY:
Assistant Clerk

Telephone: 617-788-8110

I HEREBY ATTEST AND CERTIFY ON MAY 3, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature]
ASSISTANT CLERK.

cvdgeneric_2.wpd 2461836 affind powersjo

2

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT OF THE CIVIL TRIAL COURT, NO. 04-0722 D

SUFFOLK SUPERIOR COURT CIVIL CLERK'S OFFICE
2004 FEB 19 A 9:27
MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE

JOSE COSME, PRO SE, PLAINTIFF,

VS.

COMMISSIONER, BOSTON POLICE DEPARTMENT, KEVIN FORD, POLICEMAN BOSTON POLICE DEPARTMENT, MAYOR, CITY OF BOSTON AND OTHERS, DEFENDANTS.

VERIFIED CIVIL RIGHTS COMPLAINTI WITH A JURY DEMAND

I. PRELIMINARY/JURISDICTIONAL STATEMENT

1. This is a civil rights action filed by the plaintiff, Jose Cosme, a pro se pretrial detainee in the custody of the Nashua Street County Jail, in the County of Suffolk, Boston, Massachusetts, seeking declaratory judgment, injunctive relief and monetary damages, pursuant to G.L.c. 258, § 4; G.L.c. 231A, 1 et seq; G.L.c. 12, §§ 11H & 11I; Rule 65 of the Mass.R.Civ.P. and 42 U.S.C.A. §§ 1983 et seq, against the above-named defendants, as the plaintiff is alleging that excessive force, by means of a firearm ( handgun), was unnecessarily and unreasonable used to effect his arrest, which has caused him to suffer severe, permanent and irreparable harm and injury to his lefthand that has left him permanently handicapped with a disability, in violation of his rights secured under the Eighth and Fourteenth Amendments to the United States Constitution and Articles Twelve and Twenty-Six of the Massachusetts Declaration of Rights.

II. PARTIES

2. The plaintiff, Jose Cosme, is a pretrial detainee in the custody of the Nashua Street County Jail, in the County of Suffolk, Boston, Massachusetts, who is currently being held within the jurisdiction of the Massachusetts Department of Correction (DOC), at the Old Colony Correctional Center, located at One Administration rd., Bridgewater, Mass. 02324.

3. The Defendant, Commissioner of the Boston Police Department, is a public employee who is in charge of and responsible for the training of all police officers in the employment of the city of Boston, Massachusetts, pursuant to G.L.c. 40, § 97A, whose normal place of business is located at the Boston Police Department Headquarters, One Schroeder Plaza, Boston, Mass. 02120-2010.

4. The defendant, Kevin Ford, is a policeman in the employment of the Boston Police Department, who is assigned to Boston Police Entry Apprehension Team/Youth Violence Strike Force, he is a public employee, pursuant to G.L.c. 41, §§ 96-96A, whose normal place of business is located at Boston Police Department Headquarters, One Schroeder Plaza, Boston, Mass. 02120-2010.

5. The defendant, Mayor of the City of Boston, is the City's chief executive operating officer, pursuant to G.L.C. 39, §§ 1 et seq, and he is ultimately responsible for the appointment of the the commisioner of the Boston Police Department as well as those individuals hired as policemen and women by the Boston Police Department (BPD), whose normal place of business is located at Government Plaza, One City Hall Plaza, Boston, Mass.

6. The defendants (hereinafter, will at times be refered to collectively and individually as the defendants), at all times relevant to the hereinafter alleged events, were acting under the "Color of law," and are being sued in both their personal/individual and official capacities.

III. STATEMENT OF THE FACTS

7. On or about February 26, 2001, the plaintiff returned to the city of Boston from the state of Georgia, city of Atlanta, and proceeded to the apartment of his friend at 333 Massachusetts Avenue.

8. On or about February 27, 2001, at approximately 5:00 a.m., the Boston Police Entry Apprehension Team, the Youth Violence Strike Force and the United States Marshals, gained entry to the plaintiff's friends apartment by kicking-in the front door of the apartment to allegedly arrest the plaintiff on an outstanding default warrant.

9. The plaintiff hearing that the front door being kick-in, immediately ran to the bedroom door to close it as his girlfriend remained in the bed.

10. At this time Boston Police Officer Kevin Ford, together with other law enforcement officers were on the otherside of the door attempting to push the door open to gain entrance to the bedroom.

11. While the plaintiff tried to close the door using his hand to push against it, the door remained open at six to ten inches as officers were trying to push it open from the otherside, and it was at this time that the defendant Kevin Ford stuck his handgun through the six inch opening and jammed the barrel of

the gun against the plaintiff's chest trying to force him away from the door in order that the officers could gain entrance to the room.

12. The plaintiff moved his chest backwards and away from the barrel of the gun while at the same time maintaining both against the door, thereby preventing the officers from gaining access to the room.

13. Officer Ford tried to use the handgun to push the plaintiff's hands away from the back of the door and the plaintiff was able to push officer Ford's arm with the gun in hand back through the door and again, tried to close the door and at no time did the plaintiff touch officer Ford's handgun or attempt to remove the handgun from the possession of the officer.

14. It was at this time the defendant Ford fired a single round from his weapon which struck the plaintiff in his lefthand and once officer Ford's weapon fired into the bedroom the other officers with him began to stick their weapons into the door opening, including what appeared to be a small automatic rifle.

15. Once the officers started sticking their weapons through the door, the plaintiff's girlfriend became alarmed and started screaming, and the officers hearing her screams pulled their weapons back through the door and the plaintiff was able to close the door completely.

16. A few minutes later, because the plaintiff could no longer keep the door closed because of the severe injuries to his hand, the officers, including the defendant Ford, were then able to force their way into the bedroom, arrest the palintiff, used plastic ties to secure his hands, which were tied over

his severely injured hand, and then afterwards the plaintiff was transported to the Boston Medical Center to see a doctor.

17. The defendant Ford by discharging his firearm into the plaintiff's lefthand, without provocation or justification, has caused the plaintiff to suffer permanent nerve damages, shattered bones, mental pain and anguish, a permanent physical disability of his lefthand and he has incurred considerable legal expenses as a result of the incident.

18. The defendant Ford maliciously and sadistically used wanton, excessive, unreasonable and unnecessary force upon the plaintiff to gain entrance to the bedroom to effect his arrest, in violation of his secured substantive rights under the Federal and State Constitutions and applicable general and regulatory laws, regarding use of force to effect an arrest of a citizen.

19. The plaintiff further allege that he is being denied adequate medical care from the date of his initial arrest to date, as the Department of Corrections (DOC) has failed to provide him with adequate medical treatment and therapy for his severely injured hand that has rendered him with a permanent physical handicap.

20. If the plaintiff proves these allegations at a trial on the merits of the complaint, he would have a claim to common law negligence, violation of the American with Disability Act, deceit, misrepresentation, defamation, emotional distress and civil rights violations, under § 1983 and possibly G.L.c. 265, §§ 37 & 39.

21. On or about February 26, 2002, pursuant to the presentment requirements under G.L.c. 258, § 4 (State Tort Claims Act), the plaintiff sent by certified mail, his demand letter to the

then Police Commissioner of the Boston Police Department, via, counsel Earl Howard, 875 Massachusetts Avenue, Cambridge, Mass. 02139, and the applicable statute of limitations relative to filing of claims has not expired (February 27, 2004)(see hereto-attached presentment/demand letter, dated February 15, 2001).

IV. CLAIMS OF RELIEF

22. The actions of the defendants, as described in ¶s 6 thru 21 of this complaint, violated the plaintiff's rights to the substantive due process and equal protection under law, pursuant to Articles Twelve and Twenty-Six of the Massachusetts Constitution/Declaration of Rights, and G.L.c. 12, §§ 11H & 11I, against the use of malicious, sadistic, wanton, unreasonable and unnecessary force to effect the arrest of the plaintiff.

23. The actions of the Defendants, as described in ¶s 6 thru 21 of this complaint, violated the plaintiff's rights to the substantive due process and equal protection under law, pursuant to the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C.A. §§ 1983 et seq, against the use of malicious, sadistic, wanton, unreasonable and unnecessary force to effect the arrest of the plaintiff.

24. The actions of the defendants, as described in ¶s 6 thru 21 of this complaint, violated the plaintiff's rights to the substantive due process and equal protections under law, pursuant to G.L.c. 265, §§ 37 & 39, relative to the appropriate use of force to effect the plaintiff's arrest.

V. PRAYERS OF RELIEF

25. Issue a declaration that the actions of the defendants,

as described in ¶s 6 thru 21 of this complaint, violated the plaintiff's rights, immunities and privileges to the substantive due process and equal protection under law, as well as violative of the proscriptions against the cruel and unusual punishments of a arrestee/prisoner, in violation of Article Twelve and Twenty-Six of the Massachusetts Constitution/Declaration of Rights, and G.L.c. 12, §§ 11H & 11I.

26. Issue a declaration that the actions of the defendants, as described in ¶s 6 thru 21 of this complaint, violated the plaintiff's rights, immunities and privileges to the substantive due process and equal protection under law, as well as violative of the proscriptions against the cruel and unusual punishment of arrestee/prisoner, in violation of the Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C.A. §§ 1983 et seq, who were acting under color of law.

27. Issue a permanent injunction aagainst the defnedants, their employees, agents, predecessers in office, as well as those who may be acting in concert with them, from engaging in the unlawful acts, omissions and policy practices as described in ¶s 6 thru 21 of this complaint, relative to the cruel and unusual punishment, and malicious and sadistic excessive use of force against the plaintiff as a arrestee/prisoner, and any future retaliation and punitive actions against him for his bringing this action.

28. Award the plaintiff compensatory, actual and/or general damages against each defendants in the amount of $100,000.00 (One-Hundred Thousand Dollars).

29. Award the plaintiff punitive damages against each of

the defendants in the maximum amount allowed by law.

30. Grant the plaintiff such further relief as this Court may deem just, equitable and in the interest of justice, as he may be entitled to as a matter of law.

31. The plaintiff further demand a trial by jury as he is entitled to under law, pursuant to Article Eleven of the Massachusetts Constitution/Declaration of Rights.

Respectfully submitted by

Jose Cosme

Dated: 2/10/04

Jose Cosme A25886, pro se
OCCC/One Administration rd.
Bridgewater, Mass. 02324

VERIFICATION DECLARATION

I, Jose Cosme A25886, hereby verify on oath according to law, that the following is truthful and accurate to the best of my personalknowledge and observations of all facts, averments and exhibits herein submitted as evidence, and I aver that I am competent to testify to the same in open court if called upon to do so, and I have not made or offered this complaint in bad faith or with malice, and I have signed this verification declaration under penalties of perjury, per Rule 2:06 of the Massachusetts Supreme Judicial Court, on this 10 day of February, 2004.

/s/ Jose Cosme

I HEREBY ATTEST AND CERTIFY ON MAY 3, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. Lorraine A. Antocca

ASSISTANT CLERK.

**CIVIL ACTION COVER SHEET**

DOCKET NO(S) 04-0722-D

**Trial Court of Massachusetts**
**Superior Court Department**
**County:** SUFFOLK

PLAINTIFF(S): Jose Cosme, Pro se

DEFENDANT(S): Commissioner, Boston Police Department, Kevin Ford, Police Officer Boston Police Department and Mayor City of Boston.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE: Old Colony Corr. Center, One Administration rd. Bridgewater, Mass. 02324

Board of Bar Overseers number:

ATTORNEY (if known):

**Origin code and track designation**

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E96 | Prisoner's Case | ( F ) | ( x ) Yes ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses $ ?
2. Total Doctor expenses $
3. Total chiropractic expenses $
4. Total physical therapy expenses $
5. Total other expenses (describe) $

**Subtotal** $

B. Documented lost wages and compensation to date $ ?
C. Documented property damages to date $
D. Reasonably anticipated future medical and hospital expenses $
E. Reasonably anticipated lost wages $
F. Other documented items of damages (describe) $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
The defendants violated the proscriptions against the cruel and unusual punishments of an arrestee, via, injuries sustained when a firearm was used to effect his his arrest, without provocation and justification. $ ?

**TOTAL $**

SUFFOLK SUPERIOR COURT CIVIL CLERK'S OFFICE
2004 FEB 19 A 9: 2?
MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

NONE

**TOTAL $.**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

NONE

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record X Jose Cosme DATE: 2/10/04

I HEREBY ATTEST AND CERTIFY ON MAY 3, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. [signature]
ASSISTANT CLERK.

4

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT OF THE CIVIL TRIAL COURT, NO. 04-0722 D

JOSE COSME, PRO SE, PLAINTIFF,

VS.

COMMISSIONER, BOSTON POLICE DEPARTMENT, KEVIN FORD, POLICEMAN BOSTON POLICE DEPARTMENT, MAYOR, CITY OF BOSTON AND OTHERS, DEFENDANTS.

4-14-04 - Denied - A substantially reduced filing fee has been assessed. White, J.

MOTION TO WA1VE ENTRY FEES

The plaintiff, Jose Cosme A25886, hereby moves this Honorable Court to allow his motion to waive entry fees and costs associated with the filing of his hereto-attached verified civil rights complaint with a jury demand. In Support of his motion, the plaintiff says that he is indigent as defined by M.G.L.c. 261, § 27(A-H) and he further refers this court to his hereto-attached affidavit affidavit of indigency and request for waiver of normal fees and costs in compliance with general laws, per G.L.c. 261, 29.

WHEREFORE, the plaintiff prays this Honorable Court grant his motion.

Respectfully submitted by

Jose Cosme

February 10, 2004.

Jose Cosme A25886 pro se
OCCC/One Administration rd.
Bridgewater, Mass. 02324

NOTICE SENT: 04/26/2004 (ah)
J.C.
(Pro Se)

I HEREBY ATTEST AND CERTIFY ON MAY 3, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. [signature]
ASSISTANT CLERK.

Commonwealth of Massachusetts
County of Suffolk
The Superior Court

CIVIL DOCKET#: **SUCV2004-00722**

Jose Cosme, A25886,
Plaintiff(s)

vs.

Commissionr Boston Police Department,
Kevin Ford, Policeman BPD,
Mayor City Boston,

Defendant(s)

**ORDER TO COMMISSIONER OF CORRECTION TO PROVIDE CERTAIN INFORMATION REGARDING INMATE ACCOUNT RELATIVE TO PLAINTIFF'S MOTION TO WAIVE FILING FEE AND PROCEED IN FORMA PAUPERIS**

The plaintiff in the above-captioned action has filed a motion to waive the filing fee and court costs (normal) and to proceed in forma pauperis.

Pursuant to G.L. c261 s29, the correctional facility where the prisoner is currently incarcerated shall file a document showing the current status of the plaintiff's canteen account and savings account, if any, and the account activity for the past six (6) months. The document shall be filed within thirty (30) days of the date of this order. The statement is to be mailed to:

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
PRISONER DEPARTMENT, RM. 810
90 DEVONSHIRE STREET
BOSTON, MA. 02109

Dated at Boston, Massachusetts this 26th day of February, 2004.

By the Court, (White, Justice)

BY: [signature]
Assistant Clerk

Notice Sent: 02/27/2004 (ah)
J.C. - (Pro Se) N.A.W. - D.O.C.

I HEREBY ATTEST AND CERTIFY ON MAY 3, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY [signature]
ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
NO. 04-0722-D

6

PRISONER PETITIONS CIVIL ACTION DISPOSITION SHEET

TO
ADDRESS: MR. JOSE COSME, A25886
Old Colony Correctional Center
One Administration Road
Bridgewater, Ma. 02324

DATE:

After a review of your petition and correspondence, the Court has instructed the Clerk's Office to take the following action:

( ) (See attached Order)

(✓) Service is to be made upon ___ defendant(s) by means of (certified) (▬▬) mail by plaintiff(s).

(✓) A copy of the complaint is to be sent to the Office of the Attorney General or the Department of Corrections by the plaintiff(s).

( ) a copy of the petition is to be sent to the Mass. Correction Legal Service for review and report as to legal representation in this matter.

( ) The trial date of this case will be scheduled by the Clerk's Office and you will be notified.

( ) The case is to be heard by the Court on the basis of briefs and affidavits only on ________ ________, pursuant to the (plaintiff's) (defendant's) motion ________.

( ) ________________

NOTICE SENT: 02/27/2004 (ah)
J.C. - (Pro Se)

SUMMONSES, ETC. MAILED

( ) The correspondence is to be returned to you because:

( ) it fails to state a claim upon which relief can be granted.

( ) it is a duplication of your pending case in this Court.

( ) it fails to comply with the procedural requirements of Mass. G.L. 258 (Mass. Tort Claims Act) of providing six months notice to the defendant prior to the filing of a complaint and specifically naming the Commonwealth as a defendant.

( ) It fails to state that the proper administrative remedies have been exhausted.

( ) It is incomprehensible.

DATE: 2 26 04

[signature], J.

ATTEST: [signature]
ASSISTANT CLERK

I HEREBY ATTEST AND CERTIFY ON MAY 3, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY [signature]
ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS. SUPERIOR COURT

ADMINISTRATIVE DIRECTIVE 92-1

This administrative directive is implemented to address the unique problems that often accompany a civil action that is filed by someone who is incarcerated. Its aim is to promote a just and speedy resolution of these civil actions by ensuring:

1. That upon filing, the complaint is entered expeditiously and appropriate notice is sent.
2. That all named parties receive actual notice of the litigation.
3. That the cases proceed in a timely and cost effective manner.

Accordingly, it is ordered that upon the filing of the complaint, the Clerk is to pass upon the sufficiency of the affidavit of indigency ( in almost all cases, the prisoner is indigent but has access to limited funds) and if indigent, to authorize service of process by certified mail on all named defendants - copy to the Attorney General. With notification of this action, the Clerk is to provide the plaintiff with the appropriate number of blank summonses. It is the obligation of the plaintiff to provide the requisite number of copies of the complaint and to complete the summons to perfect service. In those rare instances wherein the plaintiff has no funds, (ex: not in the general population of the prison), service may be authorized by regular mail and the Court is to provide the appropriate number of blank summonses.

With the notice of the Court's action, the plaintiff is also to be notified of what is required in filing a return of service and of the waiving of that part of Superior Court Rule 9A which requires the packaging of motions and responses thereto.

When a complaint filed by an inmate requires other that money damages, the complaint is to be reviewed by a justice for whatever action he or she deems appropriate. For example, it is the discretion of the justice to decide a requisite for a preliminary injunction upon the submissions and not the presence of the inmate.

This administrative directive is to take effect forthwith.

Robert L. Steadman
Chief Justice of the Superior Court

Dated: May 1, 1992

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS. SUPERIOR COURT

SPECIAL AMENDMENT TO SUPERIOR COURT RULE 9A
FOR INMATE CIVIL CASES

Inmates who have Civil Cases pending in Superior Court will not be required to comply with the changes in Rule 9A which became effective in January, 1990.That is, instead of "packaging" motions and responses thereto, as required by the amended Rule 9A, inmates may follow the old Rule 9A which allows direct mailing of all motions and responses to the Clerk-Magistrate's Office. This Special Amendment will relieve inmates of the burden of packaging motions and responses, and also save them the cost of mailing said package to the Clerk's Office.

Robert L. Steadman, J.
Chief Justice of the Superior Court

Date______________________________________________

Case to enter w/o fee. Plaintiff(s) to serve by certified mail, copy to Attorney General. Summonses sent to Plaintiff at no cost. Hearing set for

______________________________________________

______________________________________________

______________________________________________

( ) ATT:____________________

Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS. SUPERIOR COURT

NOTICE

RE: CIVIL PRISONER COMPLAINTS

Your return of service must be in compliance with the Court's endorsement entered on your complaint at the time of entry. If a complaint is to be served by certified mail, the return must be accompanied Certified with Return Receipt Card. If the receipts are unavailable, the return should be accompanied by Affidavit of Service stating that the complaint was served by certified mail. Additionally, all documents filed in Court must contain an original signature. Failure to comply with these rules will result in the returning of documents.

Assistant Clerk

DATE:

7

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court**

CIVIL DOCKET#: **SUCV2004-00722**

Jose Cosme, A25886,
Plaintiff(s)

vs.

Commissionr Boston Police Department,
Kevin Ford, Policeman BPD,
Mayor City Boston,
Defendant(s)

**NOTICE OF WAIVER OF COURT COSTS AND REQUEST FOR PAYMENT TO BE WITHDRAWN FROM ACCOUNT (PURSUANT TO G.L. c. 261 sec. 29)**

The prisoner/plaintiff in the above-captioned action has filed a motion to waive the filing fee of $275.00 and court costs (normal) and to proceed in forma pauperis. After reviewing the affidavit of indigency and the statement of inmate account provided by the correctional facility, the court hereby orders:

✓ The plaintiff is ordered to pay a lump-sum partial payment of **$15.00** in order to proceed. The court further finds that requiring additional installment payments would create an undue administrative burden for the court.

Send check or money order payable to **Suffolk Superior Civil Clerk** to:

Suffolk Superior Civil Clerk's Office
90 Devonshire Street, 8th Floor
Boston, MA 02109

Payment must be received by **May 26, 2004**. The prisoner's name and case number must be noted on each remittance.

(White, J.)

Dated at Boston, Massachusetts this 26th day of April, 2004.

BY: [signature]
Assistant Clerk

NOTICE SENT: 04/26/2004 (ah)
J.C.
(Pro Se)

I HEREBY ATTEST AND CERTIFY ON MAY 3, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY [signature]
AASISTANT CLERK.